UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JOHN JAY LACEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00981-TWP-DML |
| | ) | |
| DUSHAN ZATECKY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO AMEND COMPLAINT, SCREENING SECOND
AMENDED COMPLAINT, AND DIRECTING ISSUANCE OF PROCESS**

John Lacey is in the custody of the Indiana Department of Correction (IDOC) and alleges

that staff members at two prisons have violated his civil rights. In this entry, the Court addresses

Mr. Lacey's motion for leave to amend his complaint, screens his second amended complaint

pursuant to 28 U.S.C. § 1915A(a), and directs issuance of process on the defendants.

## I. Motion for Leave to Amend Complaint

Mr. Lacey's motion for leave to amend his complaint, dkt. [16], is **granted**. The **clerk is

directed** to docket a copy of the proposed amended complaint, dkt. 16-1, as the **second amended

complaint**.

## II. Screening of Second Amended Complaint

Because Mr. Lacey is a prisoner, the Court must screen the second amended complaint.

28 U.S.C. § 1915A(a).

### A.    Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the second amended complaint,

or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary

relief against a defendant who is immune from such relief. In determining whether the second amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Lacey's pro se pleadings are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B.      The Second Amended Complaint**

In March 2021, Mr. Lacey was incarcerated at Wabash Valley Correctional Facility (WVCF). He also had a postconviction relief (PCR) action pending in Boone County Superior Court. Throughout the PCR proceeding, WVCF staff members threatened Mr. Lacey and tried to intimidate him into dropping the case.

On March 12, the PCR court denied Mr. Lacey's petition. His deadline to file a notice of appeal was 30 days later—April 12. *See* Ind. R. App. P. 9(A)(1). Mr. Lacey was required to file certain attachments with his notice of appeal, including a copy of the PCR court's order. *See* Ind. R. App. P. 9(F)(8). He requested copies of those documents from the law library on March 21, and his trust account was charged for the copies on March 23.

Before Mr. Lacey received his copies, the IDOC transferred him to Pendleton Correctional Facility (PCF). When Mr. Lacey arrived, he did not have access to any of his personal property— including his legal materials and his religious articles. Mr. Lacey immediately requested his legal materials from the property room, but Property Officer Davis ignored the request. Another staff

member managed to get some of Mr. Lacey's legal materials, but not the documents he needed to file his notice of appeal.

On March 31, Mr. Lacey sent a letter to Michelle Rains, an administrative assistant at WVCF, requesting any legal materials that were still there. The PCF staff notified Mr. Lacey that the WVCF staff responded by sending some DVDs, but no documents.

Mr. Lacey did not receive his property until April 29, after his April 12 notice-of-appeal deadline. He attempted to file a belated notice of appeal on April 12, but the Boone Superior Court denied it.

## C.     **Discussion of Claims**

The action **will proceed** with claims against Defendants Davis and Rains based on 42 U.S.C. § 1983 and the First Amendment right to access the courts. The action **will also proceed** with a claim against Defendant Davis based on § 1983 and the First Amendment right to freely exercise religious beliefs. Because the second amended complaint indicates that Mr. Lacey has received his property, these claims will be for damages only and will proceed against the defendants in their individual capacities.

Claims against the IDOC, PCF, and WVCF are **dismissed** for **failure to state a claim** upon which relief may be granted. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). "An agency of the state"—such as the IDOC—"enjoys this same immunity." *Nuñez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016). As for PCF and WVCF, "a building is not a person capable of being sued under § 1983." *White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018).

Claims against PCF Warden Dushan Zatecky are also **dismissed** for **failure to state a claim** upon which relief may be granted. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). Mr. Lacey does not allege any facts suggesting that Warden Zatecky was personally involved in or responsible for handling Mr. Lacey's property or his requests to access it.

Finally, claims against PCF Librarian Kamil Serour are **dismissed** for **failure to state a claim** upon which relief may be granted. Mr. Lacey does not allege that Librarian Serour was involved in or responsible for denying him access to his legal or religious materials. Rather, he alleges that Librarian Serour forged and then filed a consent form to participate in the prison e-filing program without his permission. *See* dkt. 1. If these allegations are true, they do not describe a constitutional violation. If nothing else, the second amended complaint fails to articulate how the filing of this document has harmed Mr. Lacey. Indeed, he continues to file documents through the e-filing program. *See, e.g.*, dkts. 16, 17 (both filed using e-filing program). And, if he would prefer to file his documents by mail, he may simply file a motion asking to withdraw the consent form at dkt. 1. "[T]here is no tort without an actionable injury caused by the defendant's wrongful act." *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014). This is true "even in the field of constitutional torts." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982).

### III. Conclusion and Issuance of Process

Mr. Lacey's motion for leave to amend his complaint, dkt. [16], is **granted**. The **clerk is directed** to docket a copy of the proposed amended complaint, dkt. 16-1, as the **second amended complaint**.

As discussed in Part II, the action **will proceed** with First Amendment claims against Defendants Davis and Rains pursuant to 42 U.S.C. § 1983. All other claims are **dismissed** for **failure to state a claim** upon which relief may be granted.

The claims discussed in Part II are the only claims the Court identifies in the second amended complaint. If Mr. Lacey believes he asserted additional claims that the Court has not addressed, he must notify the Court **no later than September 10, 2021**.

The **clerk is directed** to **terminate** the following defendants from the docket: Dushan Zatecky, Pendleton Correctional Facility, Wabash Valley Correctional Facility, and the Indiana Department of Corrections.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Davis and Rains in the manner specified by Rule 4(d). Process will consist of the second amended complaint (dkt. [16-1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

**SO ORDERED.**

Date:   8/12/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN JAY LACEY
263056
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction Employees:

      Michelle Rains, Wabash Valley Correctional Facility
      Property Officer Davis, Pendleton Correctional Facility